

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Lower Colorado River Authority
Austin, Texas

Gentlemen:                    Attention: W. S. Gideon

Opinion No. 0-4689
Re: Power of the Board of Directors
of Lower Colorado River Author-
ity to create a retirement fund
for its employees.

Your letter of June 13, 1942, written by your attorney, W. S. Gideon, relative to the power of the Board of Directors of the Lower Colorado River Authority to create a retirement fund out of which you will be obligated to pay your retired employees certain compensation has been given our most serious consideration.

The Lower Colorado River Authority Act was passed by the Legislature in 1934, and that Act, with the amendments that have been made thereto, give said Authority power to do and perform certain specified acts, and to expend money for certain specified and named purposes. It cannot engage in any business, or exercise any power not conferred on it by the Legislature.

There is no provision in said Act that will authorize said Authority to create any retirement fund, or to handle or distribute any such fund to its employees as insurance or compensation or old-age benefits, after they have ceased to work for said Authority.

There is no way under said Act whereby the fund suggested by you, if paid in by the employees, could be invested or handled or distributed. Neither is there any provision contained in said Act which would authorize you to pay from its funds any money to retired employees.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The Lower Colorado River Authority is a corporation created under and by virtue of Article 16, Section 59, of the State Constitution. It only has such express or implied powers as it is given by the statute or Constitution.

In the law creating said Authority there is no specific authorization for it to create a retirement fund for its employees.

On the question of implied authority, the law is well stated in Frisbee v. O'Connor, City Treasurer, 7 Pac. (2) 316, wherein the City of Beverly Hills, California, was enjoined from paying a warrant in favor of the Pacific Mutual Life Ins. Co. for the premium due upon an insurance policy issued by said company to Charles C. Blair, an employee of said city. The City of Beverly Hills had passed an ordinance which provided for the creation and operation of an insurance plan and pension fund for employees of said city. The ordinance provided for insurance and a unit of pension at age of 65 for each employee, dependent upon the amount of his remuneration and the length of his service with the city. In holding said ordinance void, the court used this language:

"(1-4) The main question involved in this appeal is whether the city of Beverly Hills had the power to pass the ordinance and incur the liability in question. Conceding that the city had no express power to do so, appellant contends that it acted within its implied powers; but in our opinion this contention cannot be sustained. It is fundamental that a municipal corporation can exercise only such powers as have been conferred upon it by the Constitution, the general laws, or its own charter provisions, and that the language purporting to define its powers must be strictly construed. * * *. The well-settled rule by which the powers of a municipal corporation are to be measured is stated in Dillon on Municipal Corporations (5th Ed.) volume 1, ¶ 237 as follows: 'It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly

239

granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation -- not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void.' * * *. Measured by the foregoing principles, we are of the opinion that the city of Beverly Hills was without power, either express or implied, to pass an ordinance providing for an insurance plan and pension fund for its employees, and was without power to incur any liability under such ordinance for premiums upon policies issued thereunder to any of its employees. These powers were neither expressly conferred, nor were they among those 'necessarily or fairly implied in or incident to the powers expressly granted,' nor were they among those 'essential to the accomplishment of the declared objects and purposes of the corporation -- not simply convenient but indispensable.'"

Since there is no express power conferred upon said Authority to create a retirement fund for its employees, it is our opinion that it cannot, under its implied authority, create or handle said fund, and/or distribute same along the lines suggested in your letter, and the exhibits thereto attached.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Geo. W. Barcus*

Geo. W. Barcus
Assistant

GWB-MR

APPROVED JUL 29, 1942

ATTORNEY GENERAL OF TEXAS